Milton Lee TUCKER, Plaintiff—
Appellant,

v.

Terry STEWART, sued in individual
& official capacity, et al.,
Defendants—Appellees,

and

Crouch, Co III, sued in individual
& official capacity, et al.,
Defendants.

No. 03–15147.

D.C. No. CV–01–00811–RCB.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided July 30, 2003.

Before LEAVY, HAWKINS and
RAWLINSON, Circuit Judges.

MEMORANDUM **

Milton Lee Tucker appeals the district court's order dismissing his action without prejudice for failure to comply with Fed. R.Civ.P. 8. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review a dismissal for failure to comply with Rule 8 for abuse of discretion. *Carrigan v. California State Legislature,* 263 F.2d 560, 565–66 (9th Cir.1959). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e)(1) requires that "[e]ach averment of a pleading ... be simple, concise, and direct."

Tucker's Third Amended Complaint appears to allege denial of access to courts and retaliation by prison officials and to claim relief under 42 U.S.C. § 1983. It is not clear, however, how the defendants allegedly violated Tucker's constitutional

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

rights or how the defendants' actions caused Tucker injury. The complaint details Tucker's history of litigation in his numerous other pending or past lawsuits, including day-to-day events associated with pursuing those lawsuits, but the complaint does not articulate or identify actions by the defendants which result in alleged constitutional violations. Any factual elements in Tucker's Third Amended Complaint which might support a cause of action are difficult to discern and are scattered throughout the complaint, rather than composed into a "short and plain statement of the claim." *See Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 640 (9th Cir.1988).

The district court gave Tucker three opportunities to amend his complaint and warned Tucker that his Third Amended Complaint would be his last opportunity to amend. The district court referred Tucker to Fed.R.Civ.P. 84, which provides for an Appendix of Forms that demonstrates the type of simplicity and brevity Rule 8 contemplates. *See McHenry v. Renne,* 84 F.3d 1172, 1177 (9th Cir.1996). The district court also provided an example of a short, plain statement of a claim.

Furthermore, the district court gave specific instructions on how Tucker could amend his complaint to satisfy Rule 8. The district court instructed Tucker to tell the court in short, plain statements: (1) the constitutional right that Tucker believes was violated; (2) the name of the defendant who violated the right; (3) exactly what the defendant did or failed to do; (4) how the action or inaction of the defendant is connected to the violation of Tucker's constitutional right; and (5) what specific injury Tucker suffered because of the defendant's conduct.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Despite the district court's guidance and detailed instructions, Tucker failed to amend his complaint to cure its deficiencies. Tucker's Third Amended Complaint did not provide a short and plain statement of the claim. The district court did not abuse its discretion in dismissing Tucker's complaint for failure to comply with Rule 8. *Carrigan,* 263 F.2d at 565–66.

AFFIRMED.